**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1447-18T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

NORMAN T. GRAY, a/k/a
NORMAN FUMAN, and
NORMAN GARY,

      Defendant-Appellant.

_____

Submitted April 27, 2020 – Decided June 2, 2020

Before Judges Sabatino and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 12-06-0383.

Joseph E. Krakora, Public Defender, attorney for appellant (Louis H. Miron, Designated Counsel, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Senior Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Norman T. Gray appeals the trial court's denial of his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

The matter arises out of defendant's plea agreement with the State. He and other codefendants were charged in a multicount indictment arising out of the shooting death of Khalil Wallace. Among other things, defendant was charged with first-degree murder, first-degree kidnapping, and first-degree conspiracy.

The State's evidence showed that defendant, along with codefendants Andre Gross and Boris Curwen, traveled together in a van to confront Wallace, who apparently owed Gross money. According to Curwen, who entered into a plea agreement with the State as a cooperating witness, Gross told defendant and Curwen to "pop" Wallace if the encounter went amiss.

The three men picked up Wallace, and he got into the back seat of the van on the passenger side. Defendant was in the back seat on the driver's side. Defendant was armed, as were Curwen and Gross. Wallace also had a gun, a nine-millimeter caliber pistol.

After the van traveled a distance, Gross stopped it. An altercation arose and shots were fired. According to Curwen, he saw defendant shoot Wallace.

A-1447-18T1

Wallace died at the scene, and defendant and the others then attempted to dispose of his body.

A bullet was lodged in defendant's arm. His theory is that the bullet was from a shot fired by Wallace. He claims he had justifiably fired back at Wallace in self-defense. The ballistics proofs revealed a nine millimeter caliber bullet found in the back seat cushion of the van, near where defendant had been sitting. The other defendants had different caliber guns.

Before trial Gross moved to dismiss the indictment, arguing the State should have charged the grand jurors with self-defense. Defendant's trial attorney joined in that dismissal motion and likewise argued the self-defense theory to the court. The trial court denied the motion because the evidence showed that Wallace was not the aggressor, although defense counsel could attempt to gather more evidence of self-defense to present at trial.

The State extended to defendant a plea offer in which it would recommend to the court a sentence of twenty-five years, subject to the parole ineligibility terms of the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2(a). Defendant rejected that particular plea offer.

Thereafter, on the day of jury selection, defendant's lawyer negotiated a much more favorable deal with the State: a plea to a reduced charge of

aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), carrying a recommended twelve-year custodial term subject to a NERA parole disqualifier, plus a consecutive three years for third-degree failure to dispose of human remains, N.J.S.A. 2C:22-1(a).

Defendant accepted this revised plea agreement. At the plea colloquy, he admitted to the court deliberately shooting Wallace, and made no mention of self-defense.

At sentencing, defendant's attorney renewed his argument that there are indicia that Wallace may have shot first and been the aggressor. After hearing that argument, the court imposed a sentence in accordance with the plea agreement.

Defendant appealed his sentence as excessive. We affirmed the sentence in a February 9, 2016 order. We remanded only to have the judgment of conviction clarify that the third-degree offense was not subject to NERA.

In his PCR petition, defendant contended his trial attorney was ineffective in: (1) not more aggressively pursuing a self-defense argument and (2) not arguing mitigating factors at sentencing that he claims could have made the third-degree sentence concurrent rather than consecutive.

A-1447-18T1

The PCR judge, Michael J. Donohue, issued a written opinion on August 9, 2018 denying the petition. The judge found that defendant had not presented a prima facie claim of trial counsel's ineffectiveness, and that there was no need for an evidentiary hearing.

On appeal, defendant continues to press his two claims of ineffectiveness, and contends that an evidentiary hearing is required. His brief presents those points in this fashion:

> POINT ONE
>
> THE INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL DEPRIVED DEFENDANT OF A FAIR OPPORTUNITY TO DEFEND AGAINST THE CHARGES IN THE INDICTMENT AND THUS, DEFENDANT'S PLEA SHOULD BE VACATED OR, IN THE ALTERNATIVE, THE TRIAL COURT SHOULD CONDUCT AN EVIDENTIARY HEARING TO DETERMINE THE BASIS FOR COUNSEL'S FAILING TO PURSUE A SELF-DEFENSE CLAIM AND TO PRESENT EVIDENCE OF MITIGATING FACTORS AT SENTENCING.
>
> POINT TWO
>
> THE PCR COURT SHOULD HAVE CONDUCTED AN EVIDENTIARY HEARING TO ADDRESS ALL OF DEFENDANT'S CLAIMS.

We have carefully considered these arguments in light of the record and the applicable law. Having done so, we affirm the PCR court's decision, essentially for the sound reasons expressed in Judge Donohue's opinion. We amplify his reasoning with a few short comments.

A person accused of crimes is guaranteed under the Sixth Amendment the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Id. at 687; see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

In reviewing such claims, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 42, 54 (1987) (citations omitted); see also State v. Perry, 124 N.J. 128, 153 (1991); Hill v. Lockhart, 474 U.S. 52, 59 (1985) (articulating the "reasonable probability" test

where a defendant claims his counsel did not properly advise him before entering a guilty plea).

To obtain an evidentiary hearing on a PCR application based upon ineffective assistance claims, a defendant must make a prima facie showing of deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 462-63 (1992). "When determining the propriety of conducting an evidentiary hearing, the PCR court should view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014) (citing State v. Marshall, 148 N.J. 89, 158 (1997)); see also Preciose, 129 N.J. at 462-63.

Applying these well-settled standards here, we concur with the PCR judge that defendant has not mounted a prima facie case that his former attorney was ineffective. No evidentiary hearing was warranted.

The record substantiates that trial counsel did, in fact, make reasonable attempts to pursue a self-defense claim, doing so in the joint motion to dismiss the indictment, bringing it up again at a pretrial conference, and also at sentencing.

Defendant argues, in retrospect, that his counsel should have sought a court order to have the bullet lodged in his arm surgically removed and then see if a ballistics test matched that bullet with Wallace's nine millimeter gun. Even

7

if, for the sake of discussion, such if such a hypothesized match were made, that would not disprove the State's theory of defendant's guilt, supported by Curwen's eyewitness testimony that defendant fired at Wallace first. Indeed, Wallace could have fired back and hit defendant after he was already wounded.

Given the overall circumstances, it is highly speculative that defendant would have succeeded in proving self-defense. There is no entitlement to PCR based on such speculation. State v. Porter, 216 N.J. 343, 355 (2013) (quoting Marshall, 148 N.J. at 158) ("[A] defendant is not entitled to an evidentiary hearing if the 'allegations are too vague, conclusory, or speculative[.]'").

We also do not lose sight of the fact that defendant's trial attorney negotiated a much better deal for him, with an aggregate custodial term of fifteen years, as compared to either the life sentence he faced at a jury trial, or the State's earlier plea offer to recommend a twenty-five-year sentence.

As the PCR judge also correctly found, there is no merit to defendant's claim of ineffectiveness at sentencing. The record bears out that trial counsel did argue that mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12), (cooperation with law enforcement) applied, noting that defendant offered to help the police find the missing guns. Counsel also argued for concurrent rather than consecutive sentences. Under State v. Yarbough, 100 N.J. 627 (1985), the body-

disposal count is clearly a separate offense involving a discrete course of conduct following the homicidal shooting. The consecutive sentences were manifestly appropriate, and defense counsel could not have done more to prevent their imposition.

All other arguments presented on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION